## (June 29, 1981)

■ In the Matter of MARY BRYANT, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — (No. 1122.) Motion by petitioner for an order finding respondent D'Elia in contempt of court for failure to comply with a prior order of this court made in this proceeding, dated July 14, 1980 (see *Matter of Bryant v D'Elia,* 77 AD2d 590), and imposing appropriate punishment. (No. 3165.) Motion by petitioner for an order directing respondent D'Elia to comply with a prior order of this court, dated July 14, 1980, by paying to petitioner's attorney a specified amount of shelter allowance arrears, together with $5,000 for costs and legal fees allegedly incurred by the plaintiff mortgagee in a certain foreclosure action in which petitioner is a party defendant, said sums to be held in escrow until said foreclosure action is "settled". (No. 1122.) Motion denied, without costs or disbursements, on condition that respondent D'Elia complies with the order of this court dated July 14, 1980 within 90 days after service upon him of a copy of the order to be made hereon, together with notice of entry. (No. 3165.) Motion denied, without costs or disbursements. In our discretion, we decline to hold the respondent D'Elia in contempt at present since it appears that, although somewhat belatedly, he is presently attempting to comply with the order of this court dated July 14, 1980. In this regard, we note that that order imposed no express time limitation upon his compliance. However, under all of the circumstances of this case, we find it necessary to direct that respondent D'Elia comply with our order of July 14, 1980 within 90 days. By that order we directed respondent D'Elia to "(1) calculate the amount of the shelter allowances to which petitioner was entitled for the period from December, 1973 to present, and which were not paid by the department, (2) determine from the mortgagee whether present payment of that amount to the mortgagee will result in the mortgagee's forbearance from prosecuting its foreclosure action so as to provide petitioner with a reasonable opportunity to bring her mortgage payments current, and (3) if such forbearance would result, pay the full amount of arrears to the holder of the mortgage and thereafter pay petitioner the monthly shelter allowance to which she is entitled." *(Matter of Bryant v D'Elia,* 77 AD2d 590, 594, *supra.)* To date, respondent D'Elia has complied with only the first part of our direction. If respondent D'Elia determines that the required forbearance will not result and that he, therefore, will not presently make shelter allowance payments to petitioner, he shall issue a written determination to that effect within the aforesaid 90-day period. In light of the apparent misapprehension of the meaning of our prior order revealed in respondent D'Elia's papers in opposition to the motion, it seems necessary to make clear that, under the order, payment to petitioner cannot be denied merely upon a determination that payment of the arrears, in and of itself, will not reinstate the mortgage. Instead, respondent D'Elia is required to consider whether payment of that amount will result in such forbearance by the mortgagee from prosecuting its foreclosure action as will "provide peti-

tioner *with a reasonable opportunity to bring her mortgage payments current"* (*Matter of Bryant v D'Elia, supra,* p 594; emphasis supplied). Accordingly, respondent D'Elia must also consider, among other things, any evidence which indicates that petitioner may, either presently or within a reasonable time, have other financial resources available to her which, when added to the amount of the arrears, would bring her mortgage payments current to the satisfaction of the mortgagee. We deny petitioner's request that we determine that the correct amount of arrears is that calculated by petitioner rather than by respondent D'Elia and that we direct that that corrected amount and other sums be paid into escrow. If petitioner is dissatisfied with respondent D'Elia's calculation, her proper remedy is to request a fair hearing, as we previously indicated (see, also, 18 NYCRR 358.4 [a] [3], [6]). Further, we determine petitioner's escrow proposal to be unnecessary to the proper resolution of this matter. Titone, J.P., Gulotta, Margett and O'Connor, JJ., concur.